FILED

1  BRETT D SZMANDA, ESQ (SBN 288688)
   Email: bszmanda@gmail.com
2  401 8th Street, Ste. C
   Huntington Beach, California 92648
3  Telephone:  (818) 291-3790
   Facsimile:  (360) 851-7730
4
   JAMES KAWAHITO (SBN 234851)
5  Email: james@kawahitoshraga.com
   DAVID SHRAGA (SBN 229098)
6  Email: david@kawahitoshraga.com
   SHAWN C. WESTRICK (SBN 235313)
7  Email: shawn@kawahitoshraga.com
   KAWAHITOSHRAGA & WESTRICK LLP
8  1990 South Bundy Drive Ste. 280
   Los Angeles, California 90025
9  Telephone: (310) 746-5300
   Facsimile: (310) 593-2520
10
   Attorneys for Plaintiff Liza Gunawan;
11 Wheny Wulandari and Class Members

12

13              UNITED STATES DISTRICT COURT

14             CENTRAL DISTRICT OF CALIFORNIA

15                                      Case Number: SACV13-01464 JVS (DFMx)
   Liza Gunawan & Wheny Wulandari, et
16 al.,                                 CLASS ACTION COMPLAINT

17         Plaintiffs,                  (1) Violation of California Labor Code §
18                                      1194 (Unpaid Minimum Wages);
       vs.
19                                      (2) Violation of California *Labor Code*
20 Randstad General Partner (US) LLC    § 226(a) (Improper Wage Statements);
   (d/b/a "Randstad USA"); Randstad
21 North America, L.P.; Randstad North  (3) Violation of California *Labor Code* §
22 American Partner, Inc. and Does 1-20 223 (Failure to Pay Agreed Upon
                                        Wages);
23         Defendants.
24                                      (4) Violation of California *Labor Code*
25                                      §§ 201, 201.3, 203 (Wages Not Paid
                                        Upon Termination);
26
27                                      (5) Violation of California *Business &*
                                        *Professions Code* § 17200, *et seq.*
28

                        CLASS ACTION COMPLAINT

(Unfair Competition);

(6) Violation of California *Labor Code* § 2698 et seq. (Private Attorney Generals Act)

**Demand for Jury Trial**

Plaintiffs Liza Gunawan and Wheny Wulandari (hereinafter "Plaintiffs"), individually and on behalf of all other similarly situated putative Class Members, allege as follows:

## JURISDICTION AND VENUE

1)     This action is brought as a class action pursuant to FED. R. CIV. PRO. 23.

2)     Venue in this district is proper pursuant to 28 U.S.C. § 1391(a) and (b) because, upon information and belief, Defendants transact business in Orange County and a substantial portion of the harm caused by Defendants took place in Orange County.

## THE PARTIES

3)     Plaintiff Liza Gunawan is a citizen of California, residing in the County of Orange.

4)     Plaintiff Wheny Wulandari is a citizen of California, residing in the County of Orange.

5)     Defendant Randstad General Partner (US), LLC ("RGP") is a limited partnership organized in the state of Delaware maintaining its principal place of

- 1 -
CLASS ACTION COMPLAINT

business in Atlanta, Georgia. RGP's sole member is Defendant Randstad North America, L.P. ("RNA"). RNA is a limited partnership organized in the state of Delaware maintaining its principal place of business in Atlanta, Georgia, whose general partner is Randstad North American Partner, Inc. ("RNAP").  RNAP is incorporated the State of Delaware and maintains its principal place of business in Atlanta, Georgia.

6)     At all times hereinafter mentioned, Defendants, and each of them, are employers whose employees are engaged throughout Orange County, the State of California, and/or the various states of the United States of America.

7)     Plaintiffs are unaware of the true names or capacities of the Defendants sued herein under the fictitious names DOES 1-20, but pray for leave to amend and serve such fictitiously named Defendants once their names and capacities become known.

8)     Plaintiffs are informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, or are attributable to, Defendants RGP, RNA, RNAP  and DOES 1-20 (collectively "Defendants"), each acting as the agent for the other, with legal authority to act on the other's behalf. The acts of any and all Defendants were in accordance with, and represent the official policies of Defendants RGP, RNA and RNAP.

9)     At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein.  At all times herein mentioned,

- 2 -

Defendants, and each of them, aided and abetted the acts and omissions of each and all the other Defendants in proximately causing the damages herein alleged.

10) Plaintiffs are informed and believe, and thereon allege, that each of said Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein.

## CLASS ACTION ALLEGATIONS

11) Plaintiffs bring this action on their own behalf, as well as on behalf of each and all other persons similarly situated, and thus, seek class certification under FED. R. CIV. PRO. 23(a), (b)(2), and (b)(3).

12) All claims alleged herein arise under California law for which Plaintiffs seek relief authorized by California law.

13) The proposed class consists of and is defined as:

> All persons who have conducted at least one telephonic or in-person interview with Defendants' then current or potential customers in the State of California within the relevant time period prior to the filing of this complaint until resolution of this lawsuit and who were not compensated for their wages earned while interviewing.

14) There is a well-defined community of interest in the litigation and the class is easily ascertainable:

a. Numerosity: The members of the class (and each subclass, if any) are so numerous that joinder of all members would be unfeasible and impractical. The

- 3 -

membership of the entire class is unknown to Plaintiff at this time, however, the class is estimated to be greater than one hundred (100) individuals and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

b.      Typicality:  Plaintiffs are qualified to, and will, fairly and adequately protect the interests of each Class Member with whom they have a well-defined community of interest, and Plaintiff's claims (or defenses, if any) are typical of all Class Members' claims as demonstrated herein.

c.      Adequacy:  Plaintiffs are qualified to, and will, fairly and adequately, protect the interests of each Class Member with whom they have a well-defined community of interest and typicality of claims, as alleged herein.  Plaintiff acknowledge that they have an obligation to make known to the Court any relationship, conflicts, or differences with any Class Member.  Plaintiff's attorneys and class counsel are versed in the rules governing class action discovery, certification, and settlement.  Plaintiff have incurred, and throughout the duration of this action will continue to incur costs and attorneys' fees that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each Class Member.

d.      Superiority:  The nature of this action makes the use of class action adjudication superior to other methods.  Class action will achieve economies of time, effort and expense as compared with separate lawsuits, and will avoid

1    inconsistent outcomes because the same issues can be adjudicated in the same

2    manner and at the same time for the entire class.

3        e.    Public Policy Considerations:  California employers frequently violate

4

5    employment and labor laws.  Current employees are often afraid to assert their rights

6    out of fear of direct or indirect retaliation.  Former employees are fearful of bringing

7

8    actions because they believe their former employers may damage their future

9    endeavors through negative references and/or other means.  Class actions provide

10   the Class Members who are not named in the complaint with a type of anonymity

11

12   that allows for the vindication of their rights while still protecting their privacy.

13       15)    There are common questions of law and fact as to the class (and each

14   subclass, if any) that predominate over questions affecting only individual members,

15

16   including but not limited to:

17       a.    Whether Defendants' failure to pay at least minimum wages to Plaintiff

18   and the other Class Members for the time they spent interviewing with Defendants'

19

20   then current or potential customers was and is in violation of California wage and

21   hour laws;

22       b.    Whether Defendants' failure to pay wages, without abatement or

23

24   reduction, in accordance with the California *Labor Code*, was willful;

25       c.    Whether Defendants complied with wage reporting as required by the

26   California *Labor Code*, including but not limited to Section 226;

27

28       d.    Whether Defendants' conduct was willful or reckless;

- 5 -
CLASS ACTION COMPLAINT

e.    Whether Defendants engaged in unfair business practices in violation of California *Business & Professions Code* § 17200, *et seq.*; and

f.    The appropriate amount of damages, restitution, and/or monetary penalties resulting from Defendant's violations of California law.

## FACTUAL ALLEGATIONS

16)    At all times set forth, Defendants employed Plaintiffs and other similarly situated persons who, while subject to and under Defendants' control, interviewed for temporary and permanent employment opportunities with Defendants' then current or potential customers.

17)    Plaintiff Liza Gunawan was employed by Defendants in Orange County, California from on or about October 19th, 2012 until on or about November, 2012. During this time period, Plaintiff Gunawan, while subject to and under Defendants' control, conducted two in-person, one hour interviews with Defendants' then current or potential customer, First American Title.

18)    Plaintiff Wheny Wulandari was employed by Defendants in Orange County, California from on or about September 2011 until on or about January 7th, 2013. During this time period, Plaintiff Wulandari, while subject to and under Defendants' control, conducted one in-person, one hour interview with Defendants' then current or potential customer, Promontory Financial Group, LLC.

19)     As a customary practice and policy, Defendants routinely have sent and continue to send Class Members to interviews with its clients or potential clients for positions.

20)     Defendants, as a company practice, control all aspects of the interview process.  Defendants arrange the interviews with its clients or potential clients and coordinates with Class Members to attend those interviews.

21)     Defendant obtains a benefit from these interviews in that if the client or potential client enlists the services of the Class Members, Defendant takes a portion of the payments from its clients for the work performed.

22)     During the relevant statutory period, Defendant had a uniform policy of not compensating Class Members for the time spent participating in these interviews on Defendant's behalf.

23)     Defendant continues to employ Class Members in the same or similar capacities while maintaining its uniform policy of withholding payment of wages earned while Class Members interview on the Defendants' behalf.

24)     Plaintiffs are informed and believe, and thereon allege, that at all times herein mentioned, Defendants were advised by skilled lawyers and other professionals, employees, and advisors knowledgeable about: (1) California and federal labor and wage law; (2) employment and personnel practices; and (3) the requirements of California and federal law.

25) Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiff and the other Class Members were entitled to receive complete and accurate wage statements in accordance with California law.

26) Plaintiffs are informed and believe, and thereon allege, that at all times herein mentioned, Defendants knew or should have known they had a duty to properly compensate Plaintiff and the other Class Members, and that Defendant had the financial ability to pay such compensation, but willfully, knowingly, and intentionally failed to do so in order to increase Defendants' profits.

27) Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that they had an obligation to pay guaranteed minimum wages for all hours worked by Plaintiff and the Class Members, including time spent interviewing with Defendants' then current or potential customers, but willfully, knowingly, and intentionally failed to do.

## FIRST CAUSE OF ACTION
### Violation of California Labor Code § 1194
### (Failure to Pay Minimum Wages)
### Against All Defendants and on Behalf of Plaintiffs and the Class Members

28) Plaintiffs incorporates by reference and re-allege as if fully stated herein the material allegations set out in paragraphs 1 through 27.

29) California Labor Code § 218 authorizes employees to sue directly for any wages or penalties due to them under the Labor Code.

- 8 -
CLASS ACTION COMPLAINT

30)     California Labor Code § 1194 provides that notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of the applicable minimum wage, including interest thereon, reasonable attorney's fees, and costs of suit.

31)     During the relevant time period, Defendant failed to pay Plaintiff s and other Class Members the applicable minimum wages.

32)     Defendant's failure to pay Plaintiff s and other Class Members the applicable minimum wages for each hour worked during the workweek constitutes a violation of California Labor Code § 1194.

33)     California Labor Code § 1194.2 provides that if an employer pays wages less than the minimum wage fixed by the order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wage unlawfully unpaid and interest thereon.

34)     Plaintiffs and other Class Members are entitled to recover from Defendants the statutory liquidated damages pursuant to California Labor Code § 1194.2.

//

//

//

//

## SECOND CAUSE OF ACTION
### Violation of California *Labor Code* § 226(a)
### (Improper Wage Statements)
### Against All Defendants and on Behalf of Plaintiffs and the Class Members

35)     Plaintiffs incorporate by reference and re-allege as if fully stated herein the material allegations set out in paragraphs 1 through 34.

36)     Defendants intentionally failed to provide Plaintiff and the other Class Members with complete and accurate wage statements pursuant to the requirements of California *Labor Code* § 226(a).

37)     Defendants intentionally did not provide Plaintiffs and the other Class Members wage statements that included the total number of hours they worked and all applicable hourly rates, which injured them because they were denied their legal right to receive accurate, itemized wage statements under California *Labor Code* § 226(a).

38)     Defendants intentionally did not provide Plaintiffs and the other Class Members wage statements that included the total number of hours they worked and all applicable hourly rates, which further injured them by making it more difficult to ascertain if or when certain rights under the California *Labor Code* had been violated, and, in part, prevented them from ascertaining that they were, in fact, not receiving the proper payment of their overtime wages.

39)     Plaintiffs and the other Class Members are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to

comply with California *Labor Code* § 226(a) or an aggregate penalty not exceeding four thousand dollars ($4,000), and an award of costs and reasonable attorneys' fees pursuant to California *Labor Code* § 226(e).

### THIRD CAUSE OF ACTION
**Violation of California *Labor Code* § 223**
**(Failure to Pay Agreed Upon Wages)**
**Against All Defendants and on Behalf of Plaintiffs and the Waiting Time**
**Subclass Members**

40)    Plaintiffs incorporate by reference and re-allege as if fully stated herein the material allegations set out in paragraphs 1 through 39.

41)    California Labor Code section 218 authorizes employees to sue directly for any wages or penalties due to them under the California Labor Code.

42)    California Labor Code section 223 provides that it is unlawful for an employer to secretly pay a lower wage while purporting to pay the wage designated by contract.

43)    During the relevant time period Plaintiffs and other class members contracted with Defendant to be paid an hourly wage for all time worked.

44)    During the relevant time period, Defendant willfully failed to pay Plaintiffs and other class members the contracted for hourly wage for the total number of hours it took them to perform interviews on its behalf.

45)    Defendants' willful failure to pay Plaintiffs and other Class Members their wages for all hours worked, as required by California laws, violates the provision of the California Labor Code section 223, and is therefore unlawful.

46)    Pursuant to California Labor Code section 223, Plaintiffs and other Class Members are entitled to recover their unpaid hourly wages and all other statutory relief available.

### FOURTH CAUSE OF ACTION
**Violation of California *Labor Code* §§ 201, 201.3, and 203**
**(Wages Not Paid Upon Termination)**
**Against All Defendants and on Behalf of Plaintiffs and the Waiting Time**
**Subclass Members**

47)    Plaintiffs incorporate by reference and re-allege as if fully stated herein the material allegations set out in paragraphs 1 through 46.

48)    At all times herein set forth, California *Labor Code* §§ 201 provided that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and *Labor Code* § 201.3 clarifies that "wages for work performed during any calendar week shall be due and payable not later than the regular payday of the following calendar week."

49)    During the relevant time period, Defendant failed to pay Plaintiffs and those Class Members who are no longer employed by Defendant their wages, earned and unpaid, either at the time of discharge, or not later than the regular payday of the following calendar week.

CLASS ACTION COMPLAINT

50)     Defendants' failure to pay Plaintiffs and those Class Members who are no longer employed by Defendants their wages earned and unpaid at the time of discharge, or  not later than the regular payday of the following calendar week in which the wages were earned, violates California *Labor Code* §§ 201 and 201.3.

51)     California *Labor Code* § 203 provides that if an employer willfully fails to pay wages owed, in accordance with Sections 201 and 201.3, then the wages of the employee shall continue as a penalty from the due date, and at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

52)     Plaintiffs and the other Class Members are entitled to recover from Defendants the statutory penalty for each day they were not paid at their regular hourly rate of pay, up to a thirty (30) day maximum pursuant to California *Labor Code* § 203, for a four year statutory period from the date of the commencement of this action.

## FIFTH CAUSE OF ACTION

**Violation of California *Business & Professions Code* § 17200, *et seq.***
**(Unfair Competition)**
**Against All Defendants and on Behalf of Plaintiffs and the Class Members**

53)     Plaintiffs incorporate by reference and re-allege as if fully stated herein the material allegations set out in paragraphs 1 through 52.

54)     Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful, and harmful to Plaintiffs, the other Class Members, and the general

public.  Plaintiff seek to enforce important rights affecting the public interest within the meaning of California *Code of Civil Procedure* § 1021.5.

55)   Defendants' activities as alleged herein are violations of California law, and constitute unlawful business acts and practices in violation of California *Business & Professions Code* § 17200, *et seq.*

56)   Plaintiffs and the putative Class Members have been personally aggrieved by Defendants' unlawful business acts and practices as alleged herein, including but not necessarily limited to by the loss of money or property.

57)   Pursuant to California *Business & Professions Code* § 17200, *et seq.*, Plaintiffs and the putative Class Members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years prior to the filing of this Complaint; a permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiffs and Class Members; an award of attorneys' fees pursuant to California *Code of Civil Procedure* § 1021.5 and other applicable law; and an award of costs.

## SIXTH CAUSE OF ACTION
### Violation of California Labor Code 2698 et. seq.
### (Private Attorney Generals Act)
### Against All Defendants and on Behalf of Plaintiffs and the Class Members

58)   Plaintiffs incorporate by reference and re-allege as if fully stated herein the material allegations set out in paragraphs 1 through 57.

59)     On August 14, 2013, Plaintiff Gunawan sent a letter to the California Labor and Workforce Development Agency, via certified mail, informing it of Defendant's alleged labor code violations and explaining that Plaintiff intend to seek penalties for these violations recoverable under California Labor Code sections 2698, et seq., the Labor Code Private Attorneys General Act of 2004 ("PAGA").

60)     On May 7th, 2013, Plaintiff Wulandari sent a letter to the California Labor and Workforce Development Agency, via certified mail, informing it of Defendants' alleged labor code violations and explaining that Plaintiff intend to seek penalties for these violations recoverable under California Labor Code sections 2698, et seq., the Labor Code Private Attorneys General Act of 2004 ("PAGA").

61)     Plaintiffs are therefore entitled to seek penalties on behalf of the class available under PAGA including but not limited to penalties for violations of California *Labor Code*.

## REQUEST FOR JURY TRIAL

Plaintiffs, on behalf of themselves and on behalf of all others similarly situated, request a trial by jury.

## PRAYER FOR RELIEF

Plaintiffs, on behalf of themselves and on behalf of all others similarly situated, pray for relief and judgment against Defendants, jointly and severally, as follows: